UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05184-SVW-MRW | Date | October 17, 2022 |
|---|---|---|---|
| Title | *Dharan Kumar v. Ally Financial Inc et al* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

Proceedings:    ORDER GRANTING MOTION TO DISMISS [27]

### I.  INTRODUCTION

Before the Court is a motion to dismiss filed by Defendant Ally Financial, Inc ("Ally"). Dkt. 27. Plaintiff Dharan Kumar opposes. Dkt. 30. For the foregoing reasons, the Court GRANTS the motion to dismiss.

### II.  BACKGROUND

The present case revolves around the payment of insurance proceeds and who gets to keep it. On April 30, 2021,[1] Plaintiff entered into a 36-month lease for a 2020 Alfa Romeo Guilia with Defendant Maserati and Alfa Romeo of Puente Hills ("Dealer"). Compl. ¶ 52. The lease was immediately assigned to Ally. *Id.*

Plaintiff alleged that he could not read the lease agreement because it was in very small font, but agreed to sign the agreement based solely on statements by Dealer. *Id.* at ¶ 55. Plaintiff further alleges that Dealer never offered any explanation of the legal terms that were "impossible to understand by lay persons" and that Dealer applied coercive methods to persuade Plaintiff to sign the agreement. *Id.*

The lease provided Plaintiff an option to purchase the vehicle at the end of the lease and included a provision that stated:
    If the vehicle is a total loss before the scheduled lease end date, and we get an insurance settlement

---

[1] Some paragraphs of the complaint state that the lease agreement was entered into on October 19, 2019, but a copy of the agreement, which was attached to the complained, shows that it was entered into on April 30, 2021. Compl. Ex. 1.

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05184-SVW-MRW | Date | October 17, 2022 |
|---|---|---|---|
| Title | *Dharan Kumar v. Ally Financial Inc et al* | | |

under a policy that complies with our requirements ... [and] if the money we get from your insurance is more than the Unamortized Capitalized Cost (see definition in this section), we will not give you a credit for any excess.

*Id.* at Ex. 1.

The following month, Plaintiff was involved in an accident that resulted in a total loss of the vehicle under Plaintiff's car insurance with Geico. *Id.* at ¶ 57. At the time of the accident, the car had appreciated to a value of $39,862.94, while Plaintiff's residual balance – total remaining payments – was $29,369.23. *Id.* at ¶ 58.

After the accident, Plaintiff requested the difference between the value of the car and his remaining payments ($10,493.71) from Geico but did not receive it. *Id.* at ¶ 83. According to Plaintiff, Ally interfered with his attempt to receive this "equity portion" by providing an "exaggerated amount of unpaid loan [sic] as a demand for payment." *Id.* Geico complied with Ally's request and Ally refused to pay Plaintiff the $10,493.71. *Id.* Plaintiff additionally alleges that he contacted Ally and requested to buy the car, but Ally denied his request, stating that under the terms of lease agreement, Plaintiff lost the right to buy the car because it was a total loss. *Id.* at ¶ 84.

Based off these allegations, Plaintiff brings a class action suit asserting six claims[2] against Defendants: 1) a violation of the California Unfair Competition Law ("UCL"); 2) a violation of the California Motor Vehicles Leasing Act ("CMVLA"); 3) intentional interference with contractual relations; 4) intentional interference with potential economic advantage; 5) a violation of the American with Disabilities Act ("ADA"); and 6) Fraud and Deceit. Ally now brings the instant motion to dismiss.

### III.   LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the

---

[2] The complaint lists four causes of action, but Plaintiff's second cause of action combines three legal theories. Compl. at 15 ("Violation of California Moscone Vehicle Leasing Act Section 2987 Interference with Potential Economic Advantage and Contractual Relations"). For the purpose of clarity, the Court will treat the second cause of action as three separate legal claims.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05184-SVW-MRW | Date | October 17, 2022 |
|---|---|---|---|
| Title | *Dharan Kumar v. Ally Financial Inc et al* | | |

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

## IV. Discussion
### A. CMVLA

Plaintiff's primary argument is that Ally violated the CMVLA by denying Plaintiff his right to purchase the vehicle at any time. According to Plaintiff, the lease agreement provided Plaintiff an option to purchase the vehicle and the CMVLA's right to early termination somehow also provides Plaintiff with a right to purchase the vehicle. But Plaintiff's argument offers a strained and confused argument as to how the CMVLA grants Plaintiff the right to purchase.

The CMVLA states that: "A lessee has the right to *terminate* a lease contract at any time prior to the scheduled expiration date specified in the lease contract." Cal. Civ. Code § 2987(a) (emphasis added). The statute then goes on to define the scope of a lessee's liability, if a lessee chooses to exercise the right of early termination. Cal. Civ. Code § 2987(b) ("The lessee's liability shall not exceed the sum of the following:"). Overall, the statute is designed to limit the scope of fees and damages a lessor may charge, if a lessee chooses to end the lease early. Nowhere does the statute explicitly enumerate a right for a lessee to purchase the leased vehicle.

Indeed, the provisions of the statute suggest otherwise. Section 2987(b)(5) limits the liability of early termination of lease to the difference between the cost of the car disclosed in the lease, and the sum of all depreciations and other amortized amounts and the realized value of the vehicle as provided in subdivision (c). As Ally recognizes, the deduction of realized value from the cost of the car suggests that the statute contemplates the lessor would retain the car after the termination of the lease. Additionally, subdivision (c) provides different ways for calculating the realized value depending on the scenario and specifically provides a different calculation "if the holder of the lease contract or lessor elects to retain ownership of the vehicle." Cal. Civ. Code § 2987(a). Taken together these provisions recognize the possibility that a lessor would retain ownership of a leased vehicle, necessarily refuting the

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05184-SVW-MRW | Date | October 17, 2022 |
|---|---|---|---|
| Title | *Dharan Kumar v. Ally Financial Inc et al* | | |

argument that the statute enshrines a right for the lessee to purchase the vehicle.³

Plaintiff's interpretation of the term "termination" conflates the right to terminate provided under the CMVLA with the right to purchase granted under the lease agreement. These rights are not equivalent. A lessee may exercise the right to terminate under the CMVLA without also exercising the right to purchase the vehicle. Accordingly, Plaintiff has failed to state a claim under the CMVLA and the claim is dismissed with prejudice.

### B. Intentional Interference with Contractual Relations

Plaintiff next alleges that Ally intentionally interfered with his insurance contract with Geico. But, as Ally notes, Plaintiff's allegation is lacking in detail.

To state a claim for intentional interference with contractual relations under California law, a plaintiff must allege: "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *Nat'l Funding, Inc. v. Com. Credit Counseling Servs., Inc.*, 817 F. App'x 380, 383 (9th Cir. 2020).

Here, Plaintiff has failed to apprise the Court as to the fourth element. Plaintiff has not identified a specific provision of his contract with Geico that was breached or how his contractual relationship with Geico was disrupted. At most, Plaintiff contends that Ally interfered with Plaintiff's attempt to receive the "equity" portion by providing "an exaggerated amount of unpaid loan [sic] as a demand for payment." Compl. ¶ 82. But the missing link in the chain is whether Plaintiff was entitled under the insurance policy to receive the insurance proceeds in the first place. As Ally points out, "[t]hat Plaintiff had a contract for insurance of a lease vehicle does not lead to the conclusion that he was entitled to the benefit of all proceeds on a vehicle he did not own." Defendant's Reply, ECF No. 31 ("Rep.") at 6. Without that missing component, the Court is left to speculate as to whether there was a breach or disruption of his underlying contract.⁴ Accordingly, dismissal is warranted.

---

³ The parties additionally make several arguments as to the terms of the lease and whether or not Plaintiff had the right to purchase the vehicle when it became a total loss. It is not necessary for the Court to consider these arguments, since there is no breach of contract claim before the Court.

⁴ Plaintiff also relies on California Regulation R 2695.8 of the Fair Claims Practice Act, which required Geico to request the "exact outstanding balance on the lease," but the Court is puzzled as to the relevance of this regulation. Regardless of whether Geico was required to request the outstanding balance, the missing allegation is whether Plaintiff was entitled to the insurance proceeds under his agreement with Geico.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-05184-SVW-MRW | Date | October 17, 2022 |
| Title | *Dharan Kumar v. Ally Financial Inc et al* | | |

### C. Intentional Interfere with Prospective Economic Advantage

Plaintiff additionally raises a claim for intentional interference with prospective economic advantage. Specifically, Plaintiff alleges Ally interfered with Plaintiff's anticipated profits from his insurance policy with Geico by enacting a "deceptive policy first convincing Lessees that based on the [lease agreement] they lost their right to purchase the vehicles and then representing to insurance companies that Ally is a rightful owner entitled to the entire payout." Compl. ¶ 87.

To state a claim for intentional interference with prospective economic advantage, a plaintiff must show "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." *O'Connor v. Uber Techs., Inc.*, No. C-13-3826 EMC, 2013 WL 6354534, at *14 (N.D. Cal. Dec. 5, 2013). "Unlike a claim for tortious interference with contract, for this claim a plaintiff must also plead 'that the defendant engaged in an independently wrongful act in disrupting the relationship.... [A]n act is independently wrongful if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard.'" *Id.* (citations omitted).

Plaintiff has failed to demonstrate that Ally's statements regarding the lease agreement and its ownership of the vehicle in question is independently wrongful. As an initial matter, Plaintiff has failed to allege sufficient facts to comply with Rule 9(b)'s heightened pleading standard. *See infra* III.D.2. Moreover, it is unclear to the Court how Ally was deceptive in representing that it was the owner of the vehicle, when Ally "denied his request [to purchase the car,] stating that under term of the [lease agreement], Lessee lost his right to buy the car." Compl. ¶ 84. Finally, Plaintiff has failed to allege or establish that the alleged actions by Ally were otherwise wrongful. Accordingly, dismissal is warranted.

### D. UCL

Plaintiff next brings a claim under all three prongs of the California UCL. First, Plaintiff alleges that Ally engaged in an unfair business practice by denying Plaintiff "their right to enjoy the benefit of appreciation of their leased vehicle" and because the contract would charge Plaintiff the difference between the value of the car and remaining balance. Compl. ¶65; Plaintiff's Opposition at 9-10. Second, Plaintiff argues a violation under the unlawful prong, because Ally allegedly violated the CMVLA by not permitting Plaintiff to purchase the car. Compl. ¶69. Finally, Plaintiff contends that

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05184-SVW-MRW | Date | October 17, 2022 |
|---|---|---|---|
| Title | *Dharan Kumar v. Ally Financial Inc et al* | | |

he was defrauded, because Ally led him to believe that he could not purchase the vehicle after total loss and that his "only option was to surrender [his] equity to Ally." *Id.* ¶74. But this claim, as well, fails for multiples reasons.

### 1. Adequate Remedy at law

As an initial matter, Plaintiff's UCL claim fails because he has not alleged that he lacks an adequate remedy at law. Remedies under the UCL are generally limited to equitable relief such as injunctive relief or restitution. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144, 63 P.3d 937, 943 (2003). Under *Sonner*, a plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). Nowhere in the complaint does Plaintiff explain how he lacks an adequate remedy at law. Plaintiff's response that he is also seeking injunctive relief completely misses the point. The fact that he is seeking additional equitable relief does not absolve him of the initial requirements for seeking equitable relief – i.e. that Plaintiff lacks an adequate remedy at law. *See Clark v. Am. Honda Motor Co.*, No. 20-cv-03147-AB-MRWx, 2021 WL 1186338, at *8 (C.D. Cal. Mar. 25, 2021) ("Plaintiffs have not pointed to any allegation in the Complaint pleading that they lack an adequate remedy at law."). Accordingly, dismissal is warranted on these grounds.

### 2. Failure to State a Violation

Additionally, Plaintiff's UCL claim fails because he has failed to allege a violation on each of the underlying prongs of the UCL.

First, as to the unfair prong, Plaintiff's claim fails because he has not alleged an unfair practice under either test enumerated by the California Courts. While the definition of "unfair" is "in flux," California courts have coalesced around two tests. *See Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 736 (9th Cir. 2007). "Some courts apply a balancing test in which the court weighs the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Jeong v. Nexo Cap. Inc.*, No. 21-CV-02392-BLF, 2022 WL 3590329, at *12 (N.D. Cal. Aug. 22, 2022) (citation and quotations omitted). "Others apply the tethering test, which asks whether the unfair act is tethered to some legislatively declared policy or whether there is proof of some actual or threatened impact on competition." *Id.* (citations and quotations omitted).

Here, Plaintiff's claims fail under both. Plaintiff contends that Ally's business practice was unfair because it denied Plaintiff his right to enjoy the benefit of appreciation of his lease vehicle.

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05184-SVW-MRW | Date | October 17, 2022 |
|---|---|---|---|
| Title | *Dharan Kumar v. Ally Financial Inc et al* | | |

Compl. ¶65. Plaintiff further alleges Ally coerced the Plaintiff into surrendering his rights to Ally thus depriving him of receiving profit. *Id.* ¶75.

Applying the "tethering test," Plaintiff has failed to establish Ally's actions were "unfair." Aside from the CMVLA, Plaintiff has pointed to no other authority that enshrines a right to purchase a leased vehicle or a right for Plaintiff to receive the excess insurance proceeds. And because the Court has determined that the CMVLA does not enshrine either of the aforementioned rights, Plaintiff has failed to allege some unfairness "tethered to some legislatively declared policy." *Cel–Tech Commc'ns, Inc.*, 973 P.2d at 544.

Under the balancing test, Plaintiff's claim fares no better. "Where […] the Legislature has permitted certain conduct, 'courts may not override that determination' by declaring such conduct to be actionable under [the UCL]." *California Med. Ass'n, Inc. v. Aetna U.S. Healthcare of California, Inc.*, 94 Cal. App. 4th 151, 169, 114 Cal. Rptr. 2d 109, 123 (2001) (quotations omitted). As Defendant notes, California's Commercial Code on leases states:

> The parties by agreement may determine that one or more parties have an obligation to obtain and pay for insurance covering the goods and *by agreement may determine the beneficiary of the proceeds of the insurance.*

Cal. Com. Code § 10218(e) (emphasis added). Thus, Ally was permitted to enter into a contract allocating the excess insurance proceeds to itself and the Court may not override this determination. *See also Lit'l Pepper Gourmet, Inc. v. Airgas USA, LLC*, No. 19CV837-LAB (AGS), 2019 WL 6218780, at *4 (S.D. Cal. Nov. 21, 2019) ("The UCL does not provide courts with 'a general license to assess the fairness of contracts'") (quoting *Samura v. Kaiser Found. Health Plan, Inc.*, 17 Cal.App.4th 1284, 22 Cal.Rptr.2d 20, 29 n. 6 (Cal.Ct.App.1993)).

Second, as to the unlawful prong, Plaintiff's claim fails because he cannot establish a violation of a "borrowed" law. Under the unlawful prong, the UCL "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th at 180, 83 Cal.Rptr.2d 548, 973 P.2d 527 (1999) (internal quotations omitted). Plaintiff's claim under the unlawful prong is predicated on a violation of the CMVLA, which he has failed to state a claim for. Accordingly, Plaintiff cannot establish liability under the unlawful prong of the UCL. *Lopez v. Stages of Beauty, LLC*, 307 F. Supp. 3d 1058, 1070 (S.D. Cal. 2018) ("A plaintiff who cannot state a claim under the borrowed law ... cannot state a UCL claim either") (quotations and citations omitted).

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05184-SVW-MRW | Date | October 17, 2022 |
|---|---|---|---|
| Title | *Dharan Kumar v. Ally Financial Inc et al* | | |

Finally, turning to the fraud prong, Plaintiff's claim fails because he has failed to allege sufficient facts under Rule 9(b)'s heightened pleading standard. Plaintiff contends that Ally "made misleading statements related to the alleged lease's provisions requiring Plaintiff and Class Members to surrender and forfeit their rights so only Ally would be entitled to the profit." Compl. ¶70. Plaintiff further alleges "[he] w[as] led to believe that [he] lost [his] right to buy vehicles after total loss and the only option was to surrender [his] equity to Ally thus, losing profit. Plaintiff and members of the Class were misled and coerced into surrendering their rights to Ally." *Id.* ¶74.

Under Rule 9(b) a Plaintiff must "state with particularity the circumstances constituting fraud or mistake." F.R.Civ.P. 9(b). The Ninth Circuit has explained:

> Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong. Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged.

*Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (alterations, citations, and internal quotation marks omitted). Here, Plaintiff's constant reference to "statements" in general do not sufficiently notify the Court, let alone Defendants, what fraudulent statements are in question or how they were fraudulent. Thus, dismissal is warranted for Plaintiff's UCL claim.

### E. ADA

Plaintiff additionally attempts to make a claim under the ADA. Specifically, Plaintiff contends that the lease agreement violated the ADA by being "printed in an unsuitable small font making it impossible to read for a person of any age." Compl. ¶94. Based off this, Plaintiff further alleges that the agreement was "not compliant with the ADA norms and thus, prejudicial to elderly people, people with disabilities and the public at large." *Id.*

As an initial matter, the Court recognizes that Plaintiff has abandoned his ADA claim. Plaintiff's opposition to the motion to dismiss fails to address any of the arguments raised by Defendant's initial motion. This alone is reason enough to dismiss this claim. *B&L Prods., Inc. v. Newsom*, No. 21-CV-01718-AJB-KSC, 2022 WL 3567064, at *6 (S.D. Cal. Aug. 18, 2022) ("Where a party fails to address arguments against a claim raised in a motion to dismiss, the claims are abandoned and dismissal is appropriate"); *Walsh v. Nevada Dept. of Human Resources*, 471 F.3d 1033, 1037 (9th Cir. 2006) ("plaintiff who failed to address issues raised in a defendant's motion to dismiss in his

:  _____

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05184-SVW-MRW | Date | October 17, 2022 |
|---|---|---|---|
| Title | *Dharan Kumar v. Ally Financial Inc et al* | | |

opposition brief "has effectively abandoned his claim, and cannot raise it on appeal").

Even addressing the merits though, Plaintiff has failed to meet his burden, because he has failed to allege that he is under any disability. To invoke the protections of the ADA, Plaintiff must allege that he is under a disability. *Davidzon. v. SF Markets, LLC*, No. 2:20-CV-2221-JAM-DMC, 2021 WL 492035, at *2 (E.D. Cal. Feb. 10, 2021), report and recommendation adopted sub nom. *Davidzon v. SF Markets, LLC*, No. 2:20-CV-2221-JAM-DMC, 2021 WL 1089732 (E.D. Cal. Mar. 22, 2021) ("It is axiomatic that an ADA claimant must allege the existence of a disability within the meaning of the act."); *see also Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*, 603 F.3d 666, 670 (9th Cir. 2010) ("To prevail on a discrimination claim under Title III, a plaintiff must show that: (1) he is disabled within the meaning of the ADA.[…]"). Accordingly, dismissal is warranted.

### F. Fraud and Deceit

Plaintiff's last claim is for fraud and deceit. Plaintiff alleges that Ally's representations that Plaintiff could purchase the vehicle in case of total loss was fraudulent and constituted material deceit. Compl. ¶95. Plaintiff further alleges that Ally misrepresented section of the leasing agreement and provided false legal opinions regarding the right of lessees under the leasing agreement. *Id.*

Similar to Plaintiff's UCL fraud claim, Plaintiff's allegations fail to comply with Rule 9(b), and explain the "who, what, when, where, and how" of the alleged misrepresentation. *Kearns*, 567 F.3d at 1124. This is especially critical given the fact that Plaintiff is asserting fraud claims against multiple defendants. *See Cisneros v. Instant Cap. Funding Grp., Inc.*, 263 F.R.D. 595, 606 (E.D. Cal. 2009) ("As to multiple fraud defendants, a plaintiff must provide each and every defendant with enough information to enable them to know what misrepresentations are attributable to them and what fraudulent conduct they are charged with.") (citations and quotations omitted). Thus, Plaintiff's fraud claim is dismissed.

### V. Conclusion

For the foregoing reasons, Defendant's motion to dismiss is GRANTED.

**IT IS SO ORDERED.**

:

Initials of Preparer   PMC